Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH MICHELLE FITCH,<br><br>Plaintiff,<br><br>v.<br><br>ARROFI, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC,<br><br>Defendants. | Case No.: 2:25-cv-00372<br><br>**COMPLAINT**<br><br><u>**JURY DEMAND**</u> |

Plaintiff, Elizabeth Michelle Fitch ("Plaintiff"), by and through the undersigned counsel of record, and for her claims for relief against Defendants, Arrofi, Inc. ("Arrofi"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (collectively referred to as "Defendants"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions giving rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Arrofi is a foreign corporation doing business in the State of Nevada.

8. Arrofi regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in the State of Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

13. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

14. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

15. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

16. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

## FACTS

17. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

18. Plaintiff opened an unsecured consumer credit account with Arrofi, under Account # 6491XXXX, on or about September 2023 (the "Account").

19. On or about May 9, 2024, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Nevada, under Case No.: 24-12288-nmc (the "Bankruptcy").

20. On or about May 15, 2024, Plaintiff filed a Summary of Assets and Liabilities in the Bankruptcy (the "Summary").

21. Plaintiff listed the Account in the Summary.

22. On August 13, 2024, Plaintiff received an Order of Discharge from the Bankruptcy Court, which discharged Plaintiff's personal liability for the Account, among others.

23. Despite the Bankruptcy filing, Arrofi continued to attempt to collect the debt against Plaintiff, requiring a cease-and-desist letter to be served on Arrofi by Plaintiff's bankruptcy attorney.

24. In January 2025, Plaintiff obtained a copy of her Equifax and Trans Union credit disclosures and became aware that Defendants were reporting inaccurate information concerning the Account.

25. Defendants fail to include a notation that the Account was included in the Bankruptcy and discharged.

26. Instead, Defendants report the Account with missed payment notations and derogatory marks with no bankruptcy notation.

27. The Account should report as "Closed" with a $0 balance and "Discharged through Chapter 7 Bankruptcy," but Defendants fail to report this status.

28. In January 2025, Plaintiff disputed the accuracy of the Account to Equifax and Trans Union in writing.

29. In addition to the disputes to Equifax and Trans Union, Plaintiff initiated direct disputes to Arrofi in January 2025, where she attached her Order of Discharge and documentation establishing that the Account was included in the Bankruptcy and discharged.

30. Plaintiff's disputes describe the inaccuracies referenced above and demand correction.

31. On information and belief, after receiving the disputes from Plaintiff, Equifax and Trans Union communicated the same to Arrofi.

32. Despite proper notice of the dispute, Defendants failed to conduct a reasonable reinvestigation as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profiles.

33. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's dispute.

34. Upon receiving notice of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

35. In the alternative, Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

36. Defendants failed to investigate Public Access to Court Electronic Records (PACER) in response to Plaintiff's Dispute.

37. In failing to correct the credit errors, Defendants continue to report inaccurate information in violation of the FCRA.

38. In failing to correct the credit errors, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

39. As a direct and proximate result of Defendants' false reporting, Plaintiff suffered a loss of creditworthiness and credit score.

40. As a direct and proximate result of Defendants' false reporting, Plaintiff was forced to delay consumer loans.

41. As a direct and proximate result of Defendants' violations, Plaintiff suffered lost time and money spent disputing the inaccurate information with Defendants.

///

///

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax and Trans Union]**

42. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

43. Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

44. As a direct and proximate result of this conduct, action, and inaction of Equifax and Trans Union Plaintiff suffered, and continues to suffer, the damages as referenced above.

45. Equifax and Trans Union's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

46. In the alternative, Equifax and Trans Union, was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

47. As a direct and proximate result of the above-referenced violations by Equifax and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

48. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

49. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

50. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Equifax and Trans Union]**

51. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

52. Equifax and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of

these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Arrofi, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

53. As a direct and proximate result of this conduct by Equifax and Trans Union, Plaintiff suffered, and continues to suffer, the damages as referenced above.

54. Equifax and Trans Union's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages under 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Trans Union under 15 U.S.C. § 1681n or § 1681o.

56. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

57. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

### THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against Arrofi]**

58. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

59. Arrofi violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Equifax and Trans Union; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax and Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

60. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, the damages as referenced above.

61. Arrofi's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

62. In the alternative, Arrofi was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

63. As a direct and proximate result of the above-referenced violations by Arrofi, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

64. Plaintiff is entitled to recover costs and attorneys' fees from Arrofi in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

65. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

66. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## PRAYER FOR RELIEF

67. **WHEREFORE,** Plaintiff prays for relief as follows:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of punitive damages;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief;
- For injunctive relief; and
- For such other further relief as the court deems proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS.

68. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: February 27, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
8920 W. Tropicana Avenue, Suite 101
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***